Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Felix Jimenez

                     *Plaintiff,*                      **COMPLAINT**

W&M Services Inc. and Joel "Doe"

                                         **ECF Case**

                    *Defendants.*
-----------------------------------------------------------------X

Plaintiff Felix Jimenez, bring this Action Complaint on behalf of himself and against W&M Services Inc. and Joel "Doe" , (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

<u>**NATURE OF ACTION**</u>

1.      This Complaint seeks to recover unpaid minimum wages, overtime compensation for Plaintiff.

2.      Plaintiff is a former employee of Defendants who was employed to drive and clean vans for W&M Services Inc. and Joel "Doe" in Brooklyn, New York.

3.      W&M Services Inc. is a New York Corporation with its headquarters at 305 Division Avenue, Brooklyn NY 11211

4.      Plaintiff was paid $14.76 per hour and was not paid overtime, despite working (54) fifty-four hours per week.

5.      At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

6.      Plaintiff now brings this Action on behalf of herself and other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

7.      In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

9.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

11.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, Plaintiff resides in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

12.     All of the work that Plaintiff has performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff performed.

13.     As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice include, but is not limited to:

     a.  Willfully failing to pay minimum wage and overtime wages for hours worked in excess of 40 hours per week;

     b.  Willfully failing to pay minimum wage;

     c.  Willfully failing to keep records that satisfy statutory requirements.

14.     At all relevant times, Plaintiff has been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half his regular rates for work in excess of forty (40) hours per workweek under the FLSA.

15.     Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiff and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

16.     The defendants' unlawful conduct has been widespread, repeated, and consistent.

## PARTIES

### *Plaintiff*

17.     Plaintiff Felix Jimenez, ("Plaintiff Jimenez") is an adult individual residing in Brooklyn, NY.

18.     Plaintiff Jimenez has worked from August 23, 2020, until July 29, 2022. At all relevant times to this complaint, Plaintiff Jimenez was employed by Defendants to work driving and cleaning school vans at 305 Division Avenue. Brooklyn NY 11211

19.     Plaintiff consents to be a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.     Corporate Defendants have owned, operated and controlled W&M Services Inc. and Joel "Doe" ., all times relevant to this complaint.

21.     On information and belief, W&M Services Inc. is a corporation organized and existing under the laws of the State of New York.

22.     Upon information and belief W&M Services Inc. and Joel "Doe"., collectively has more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

23.     On information and belief, the operations of W&M Services Inc. and Joel "Doe",
individually and collectively implicate interstate commerce insofar as these Defendants rely
heavily on products that have been transported across state lines.

## COMMON FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants operate a business where Plaintiff worked. At all relevant times,
W&M Services Inc. and Joel "Doe" .: The individual Defendant possesses or possessed
operational control over Defendant Corporations; possesses or possessed an ownership interest in
Defendant Corporations, and control or controlled significant functions of Defendant
Corporations.

25.     Corporate Defendants act in the interest of themselves with respect to employees,
pay employees by the same method, and share control over the employees.

26.     At relevant times, each Corporate Defendant possessed substantial control over
Plaintiffs' and other similarly situated employees' working conditions, and over the policies and
practices with respect to the employment and compensation of Plaintiff, and all similarly situated
individuals, referred to herein.

27.     Corporate Defendants jointly employed Plaintiff, and all similarly situated
individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning
of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Corporate Defendants constitute a single employer of Plaintiff
and/or similarly situated individuals, as the corporate divisions between them are fictional.

29.     At all relevant times, Corporate Defendants were Plaintiffs' employers within the meaning of the FLSA, NYLL and other law.

30.     Corporate Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

31.     Corporate Defendants supervised Plaintiffs' work schedules and conditions of his employment.

32.     Corporate Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

33.     Corporate Defendants also controlled and guided what limited recordkeeping took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Felix Jimenez*

34.     Plaintiff Felix Jimenez is a former employee of Defendants, primarily employed in performing the duties of a seamstress, who creates patterns for dresses that are eventually mass-produced in their company for Defendants.

35.     Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure but rather was controlled by Defendants.

36.     Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even

"administrative" positions, as Plaintiffs' employment for Defendants was physical labor. Plaintiff did not receive salary and these primary duties.

37.     Plaintiff Jimenez worked with Defendants for (2) years.

38.     Plaintiff Jimenez regularly handled goods in interstate commerce, such as soap that was produced outside of the State of New York**.**

39.      Plaintiff Jimenez's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Jimenez worked 2 months out of the year in excess of 40 hours per week. At other times, Defendant was paid less than the minimum wage required by NYLL and the FLSA.

41.     Plaintiff Jimenez's work schedule was from 9 A.M until 6 P.M, with no break or (54) fifty-four hours per week

42.     Plaintiff was paid $14.76 per hour and was paid via Zelle bank deposit.

43.     Defendants never paid overtime for hours beyond (40) per week.

44.     Defendants did not provide Plaintiff Jimenez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

45.     Defendants never provided Plaintiff Jimenez with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

46.     Defendants regularly require Plaintiff to work without paying the proper minimum and overtime wages or spread of hours compensation.

47.     Defendants willfully disregarded and purposefully evaded record-keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

48.     By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

49.     Defendants failed to post require wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

50.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (worked, and to avoid paying Plaintiff properly for (1) their full hours worked, (2) for overtime due, and (3) minimum wage.

51.     Defendants did not provide Plaintiff, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

52.     Defendants failed to provide Plaintiff with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; the name of employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

53.     Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before January 2016 of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

### FIRST CAUSE OF ACTION
**(Violation of FLSA Minimum Wage/Overtime/ Recordkeeping Provisions)**

54.      Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

56.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

57.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

58.     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

59.     Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

60.     Defendants took unlawful deductions from Plaintiffs' earned wages and the FLSA Collective's earned wages.

61.     Defendants, in violated of the FLSA, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

62.     Defendants failed to satisfy the FLSA's recordkeeping requirements.

63.     Defendants acted willfully in their violations of the FLSA's requirements.

64.     Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Overtime/Unpaid Wages/Unlawful Deductions/Spread-of-Hours-Pay/Recordkeeping/Wage Statement Provisions of NYLL 191 Time of Payment)**

65.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

67.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

68.     Defendants failed to pay Plaintiff in a timely fashion, as require by Article 6 of the New York Labor Law.

69.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

70.     Plaintiff was damaged in an amount to be determined at trial.

71.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

73.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

74.     Plaintiff was damaged in an amount to be determined at trial.

75.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as require by NYLL §195(1).

77.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

78.     Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

79.     Defendants acted willfully in their violation of the above-described NYLL requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and their right to join, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

(c)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff.

(e)     Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable.

(f)     Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff.

(h)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff.

(i)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff.

(k)     Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable.

(l)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff damages for Defendant's violation of the NYLL frequency of payment violation of Labor Law § 191(1)(a) which requires weekly payment of manual workers.

(n)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff the expenses incurred in this action, including costs and

attorney's fees; and

(q)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 25, 2022

                        LINA STILLMAN, ESQ.

                        _____/s/ *Lina Stillman*_____
                        By:     STILLMAN LEGAL, P.C.