UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FELIX JIMENEZ,

                Plaintiff,

      -against-                        **MEMORANDUM AND ORDER**
                                              22-cv-5061 (DLI)(JRC)
W&M SERVICES INC. and JOEL MAYER,

                Defendants.
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      On August 25, 2022, Plaintiff Felix Jimenez ("Plaintiff") brought this action on behalf of himself and other similarly situated persons against Defendants W&M Services Inc. ("W&M") and Joel Mayer ("Mayer") (collectively, "Defendants") for unpaid wages, unpaid overtime wages, and failure to provide statutorily required wage notices and wage statements in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), § 190 *et seq.* and § 650 *et seq.*, and related provisions from Title 12 of the New York Codes, Rules and Regulations ("NYCRR"). *See generally*, Compl., Dkt. Entry No. 1. Plaintiff amended the Complaint on January 9, 2023 only to include Mayer's proper name ("Amended Complaint"). Am. Compl., Dkt. Entry No. 10.

      In lieu of an answer, Defendants moved to dismiss the Amended Complaint ("Motion") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for lack of subject matter jurisdiction with respect to certain claims for lack of standing, lack of federal question, and, accordingly, insufficient basis to exercise supplemental jurisdiction over remaining state law claims. *See*, Mot., Dkt. Entry No. 20. Plaintiff opposed ("Opposition"). *See*, Opp. to Mot. ("Opp."), Dkt. Entry No. 23. Defendants replied. *See*, Defs.' Reply ("Reply"), Dkt. Entry No. 24.

For the reasons set forth below, Defendants' motion is granted without prejudice and Plaintiff is granted leave to amend the complaint consistent with this Memorandum and Order.

## BACKGROUND[1]

W&M is a New York corporation headquartered at 305 Division Avenue, Brooklyn, NY 11211, and is engaged in the commercial passenger bus transportation business. Am. Compl. ¶¶ 2, 28. No additional information was alleged about W&M or its business, aside from claims that it is engaged in interstate commerce and generates annual gross revenues in excess of $500,000 for each year pertinent to Plaintiff's claims. Am. Compl. ¶ 17. Mayer allegedly is the President and CEO of W&M. Am. Compl. ¶ 18.

W&M allegedly employed Plaintiff from August 23, 2020 to July 29, 2022 to drive and clean school vans. Am. Compl. ¶ 13. Defendants do not deny that Plaintiff was an employee of W&M. *See*, Mot. 2 ("Plaintiff was compensated for all hours he worked."). Plaintiff was paid at a rate of $14.76 per hour and allegedly was not paid overtime despite "regularly working fifty-four (54) hours per week." Am. Compl. ¶¶ 32, 37. Plaintiff also alleges that he "worked 2 months out of the year in excess of 40 hours per week." Am. Compl. ¶ 35. Additionally, "[a]t other times, Plaintiff was paid less than the minimum wage required by NYLL and the FLSA." *Id.* Defendants paid Plaintiff weekly via Zelle bank deposit. Am. Compl. ¶ 36. Defendants also allegedly never provided Plaintiff with wage notices and wage statements as required under NYLL §§ 195(1) and (3). Am. Compl. ¶¶ 38-39.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

---

[1] The facts set forth below are taken from the Amended Complaint and are accepted as true as required at this stage of the case.

550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . Pleadings that are no more than conclusions are not entitled to the assumption of truth.") (internal quotation marks and modifications omitted). Furthermore, the Second Circuit emphasized in a labor case that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Defendants move to dismiss the complaint for failure to state a claim, arguing that the Complaint fails to allege adequately that: (1) Plaintiff was not paid the minimum wage for hours worked; (2) he was not paid for overtime hours or "spread of hours"; (3) he was not provided wage notices and wage statements; (4) Defendants W&M and Mayer constituted a "single employer"; (5) Defendants were engaged in "interstate commerce"; (6) Plaintiff and similarly situated employees constitute a class; and (7) Defendants acted willfully. *See*, Mot. Defendants also move

3

to dismiss the NYLL claims related to wage notices and wage statements for lack of standing based on the failure to allege injury in fact arising from those claims. *See*, Mot. 11-12. Finally, Defendants contend that the dismissal of claims arising under FLSA, based on the aforementioned claims, should cause the Court to decline to exercise supplemental jurisdiction over the NYLL claims. *See*, Mot. 14.

Plaintiff counters that the motion should be denied in full because the Complaint alleges sufficient facts for each of the claims. Plaintiff does not respond to Defendants' contention that the Complaint fails to allege facts related to a putative class.

### I.   Minimum Wage Allegations Under FLSA

The FLSA requires employers to pay employees a minimum wage, currently set at $7.25 per hour. 29 U.S.C. § 206(a). "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enters. LLC,* 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014).

Plaintiff alleges that he was paid at a rate of $14.76 per hour, which is just over twice the federal minimum wage but $0.24 under the New York minimum wage. *See*, Am. Compl. ¶ 32. By Plaintiff's own submission, there was no underpayment of the *federal* minimum wage requirements. Plaintiff provides no further detail about the alleged underpayment, such as the total he was paid or the time periods for which he purportedly was underpaid. Plaintiff had the ability to substantiate the allegations in some way, as he alleged that he received payments via Zelle on a weekly basis, and thus should have some records. Yet no specific information was set forth in the Amended Complaint.

Even Plaintiff's separate allegation, that "[a]t other times, [he] was paid less than the minimum wage required by NYLL and the FLSA," contains no supporting information. *See*, Am. Compl. ¶ 35. There is no factual allegation about how much he was paid in such circumstances or when. Thus, Plaintiff has failed to plead adequately the federal minimum wage claims, which are dismissed without prejudice.

## II.   Overtime Pay Allegations Under FLSA

Under the FLSA, an employee who works in "excess of forty hours" shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which [s/]he is employed." 29 U.S.C. § 207(a)(1); *See also*, *Lundy*, 711 F.3d at 113-14. In *Lundy*, the Second Circuit affirmed the district court's dismissal of FLSA and NYLL claims, holding that, to state a plausible overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. In *Nakahata v. New York-Presbyterian Healthcare*, 723 F.3d 192, 201 (2d Cir. 2013), the Second Circuit reinforced its holding in *Lundy*, affirming the district court's dismissal of FLSA overtime claims where plaintiffs "merely alleged that they were not paid for overtime hours worked."

In *Dejesus v. HF Management Services, LLC*, the Second Circuit affirmed the district court's dismissal of an FLSA overtime claim that did no more than "rephras[e] the FLSA's formulation specifically set forth in section 207(a)(1)." 726 F.3d 85, 89 (2d Cir. 2013) (emphasizing that the complaint "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation"). The Second Circuit further found that, "[i]n light of the fact that the relevant portions of [the NYLL] do not diverge from the requirements of the FLSA,

5

our conclusions . . . about the FLSA allegations apply equally to [the NYLL] state law claims." *Id.* at n. 5 (internal quotation marks and citations omitted). The *Dejesus* court noted the plaintiff did "not estimate her hours in any or all weeks or provide any other factual context or content. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute." *Id.* at 89. The court also clarified that *Lundy* "was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks;'" rather, the pleading standard "was designed to require plaintiffs to provide some factual context that will 'nudge' their claim from conceivable to plausible.'" *Id.* at 90 (citing *Twombly*, 550 U.S. at 570). To satisfy this standard, plaintiffs are not required to "keep careful records and plead their hours with mathematical precision," but they should provide "complaints with sufficiently developed factual allegations." *Id.*

Here, Plaintiff claims he was paid $14.76 per hour, and was not paid any overtime "despite regularly working fifty-four (54) hours per week." Am. Compl. ¶ 32. He also alleges that he "worked 2 months out of the year in excess of 40 hours per week." Am. Compl. ¶ 35. Plaintiff does no more to plead that he worked in excess of forty hours per week, and the extant allegations hardly qualify as "sufficiently developed factual allegations." *Dejesus*, 726 F.3d at 90. Plaintiff does not provide facts or detail about the alleged overtime hours, such as how many overtime hours he worked and during which time periods. Since Plaintiff received payments via Zelle, at minimum he should be able to estimate how much he was paid, or not paid, during those time periods of overtime work. He provides no such information in the Amended Complaint, but rather only broad, conclusory allegations.

Defendant contends that Plaintiff's claim that he regularly worked 54 hours per week *and* only worked in excess of 40 hours two months per year are "impossibly contradicting and

6

conflicting." *See*, Mot. 9. However, the Court does not reach a same conclusion. There may be a dispute as to what duration of time is intended by the term "regularly," but a violation related to two months of overtime could constitute an FLSA violation. Drawing reasonable inferences in favor of the Plaintiff, the Court does not find this apparent contradiction fatal to Plaintiff's claims, which, as discussed, are already pled insufficiently. Thus, Plaintiff's FLSA overtime claims are dismissed without prejudice.

### III. Recordkeeping Allegations Under FLSA

Plaintiff alleges that the Defendant "failed to satisfy the FLSA's recordkeeping requirements" as a part of the first cause of action in the Amended Complaint. *See*, Am. Compl. ¶ 58. Plaintiff does not cite to the relevant statutory provisions of the FLSA. Under the FLSA, employers "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). However, the FLSA does not provide a private right of action for recordkeeping violations under Section 211(c). *See*, 29 U.S.C. § 216 (providing for liability to employees for violations of separate provisions of the FLSA, but not Section 211); *See also*, *Ayala v. Looks Great Servs., Inc.*, 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015) ("Though a violation is 'unlawful,' courts have repeatedly found that the FLSA does not authorize employees to bring a private action against an employer for failure to abide by the record-keeping requirements of Section 211(c). Rather, that authority is vested exclusively with the Secretary of Labor.").[2]

Nonetheless, Plaintiff's pleading on this claim also is insufficient. He alleges that Defendants "operated under a policy of . . . willfully failing to keep records required by the FLSA," and that they "failed to satisfy the FLSA's recordkeeping requirements." Am. Compl. ¶¶ 53, 58.

---

[2] This may why Plaintiff focuses primarily on recordkeeping violations under NYLL §§ 195(1) and (3), which, as discussed in Section IV, *infra*, the Court need not address.

Plaintiff further baldly alleges that Defendants failed "to maintain *accurate* and complete timesheets and payroll records." Am. Compl. ¶¶ 41, 43 (emphasis in original). As stated above, this threadbare pleading, without any factual allegations in support, is insufficient. Indeed, Plaintiff's emphasis on "accurate" timesheets could, and should, have been substantiated with something more, such as allegations as to why they were inaccurate. Therefore, the claims related to FLSA recordkeeping violations are dismissed with prejudice.

## IV.   Supplemental Jurisdiction Over State Law Claims

Where a district court has dismissed all claims over which it has original jurisdiction, the court may decline supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). This is especially favored when, as here, a court eliminates federal claims early in the litigation. *Klein & Co. Futures, Inc. v. Bd. Of Trade of the City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006). The Court declines to exercise its supplemental jurisdiction over the remaining state law claims pertaining to overtime wages under NYLL (second cause of action), wage notice and wage statements under NYLL (third and fourth causes of action), and spread of hours pay under NYLL (fifth cause of action).[3] *See*, Am. Compl. ¶¶ 62-79.

Nonetheless, the Court addresses some of the parties' arguments concerning the adequacy of the pleadings concerning the wage notice and wage statement violations under the NYLL. The NYLL requires employers to provide employees with wage notices at the time of hiring and wage statements with every payment of wages, each of which are required by statute to include specific information. *See*, NYLL §§ 195(1) and (3). As with the rest of his claims, Plaintiff fails to set forth factual allegations in support of these claims.

---

[3] A cursory review of each of these claims shows that they could be dismissed for insufficient pleading as well.

First, Plaintiff provides no specific information about these claims aside from conclusory allegations. Second, and more significantly, Plaintiff has not pled any injury in fact arising from the alleged violations necessary to maintain Article III standing. Contrary to Plaintiff's claims, post-*TransUnion* case law, including in the Second Circuit, does require *some* pleading as to injury in fact, a bar that arguably is not high. *See*, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (holding that plaintiffs must demonstrate a concrete harm that results from a statutory violation). A plaintiff can demonstrate such injury by pointing to "downstream consequences" of the technical statutory violation. *Id.* at 2214; S*ee also*, *Lipstein v. 20X Hosp. LLC*, 2023 WL 6124048, at *9 (S.D.N.Y. Sept. 19, 2023) (finding that plaintiff had pled facts sufficient to show injury from the failure to receive wage notices and wage statements).

Plaintiff here has not alleged any downstream consequences. Indeed, the failure to plead sufficiently claims regarding minimum wage and overtime pay prevents a finding of potential downstream consequences of the statutory violations. Therefore, even if the Court exercised supplemental jurisdiction over the NYLL wage notice and wage statement claims, they would have to be dismissed for insufficient pleading and lack of standing.

**V.     Parties' Additional Arguments**

Defendants' Motion and Plaintiff's Opposition raise arguments concerning the sufficiency of the pleading as to the interstate commerce nexus, *i.e.,* Defendants' alleged status as a "single employer," and Defendants' "willfulness" with respect to the alleged violations. As the Court has dismissed all causes of action, there is no need to address these issues.

## LEAVE TO AMEND

Courts *sua sponte* may grant leave to amend. *Straker v. Metro. Transit Auth.*, 333 F. Supp.2d 91, 102 (E.D.N.Y. 2004). "The Court's discretion is broad and its exercise depends upon

9

many factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Id.* (quotations omitted). This is consistent with the Second Circuit's strong preference for resolving disputes on the merits. *See, Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011).

Plaintiff has provided sufficient detail as to his employment relationship with Defendant and he should possess sufficient information to allege his wage claims with some specificity. Therefore, the Court cannot say that amendment would be futile. Moreover, this case is in its early stages. Defendant filed its motion to dismiss in lieu of an answer and discovery neither has been conducted nor scheduled. Accordingly, Plaintiff is granted leave to amend the Complaint consistent with this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted, without prejudice. Plaintiff is granted leave to amend the complaint consistent with this Memorandum and Order by NO LATER THAN APRIL 24, 2024. Failure to file an amended complaint timely will result in dismissal of this action with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       March 25, 2024

                                              /s/
                                     _____
                                     DORA L. IRIZARRY
                                     United States District Judge