UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FELIX JIMENEZ,                                          :
                                                        :
                        Plaintiff,        :
                                                        :
               -against-                    :    **MEMORANDUM AND ORDER**
                                                        :    22-cv-5061 (DLI)(JRC)
W&M SERVICES INC. and JOEL MAYER,                       :
                                                        :
                       Defendants.      :
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

       On August 25, 2022, Felix Jimenez ("Plaintiff") brought this action on behalf of himself and others similarly situated against Defendants W&M Services Inc. ("W&M") and Joel Mayer ("Mayer") (collectively, "Defendants") for unpaid wages, unpaid overtime wages, and failure to provide statutorily required wage notices and wage statements in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), § 190 *et seq.* and § 650 *et seq.*, and related provisions from Title 12 of the New York Codes, Rules and Regulations ("NYCRR").  *See*, Compl., Dkt. Entry No. 1.  Plaintiff amended the Complaint on January 9, 2023, only to include Mayer's proper name.  Am. Compl., Dkt. Entry No. 10.  In lieu of an answer, Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for lack of subject matter jurisdiction with respect to certain claims for lack of standing, lack of federal question, and, accordingly, insufficient basis to exercise supplemental jurisdiction over remaining state law claims.  *See*, Defs.' First Mot. to Dismiss, Dkt. Entry No. 20.

       On March 25, 2024, the Court granted Defendants' motion and allowed Plaintiff to file a Second Amended Complaint ("SAC").  *See*, Mot. to Dismiss Memorandum and Order ("MTD Order"), Dkt. Entry No. 25.  The Court held that: (1) Plaintiff's conclusory allegations regarding

his FLSA minimum wage, overtime, and recordkeeping claims were not sufficient to support a plausible entitlement to relief;[1] and (2) with the federal claims dismissed, the Court declined to exercise supplemental jurisdiction over the remaining state law claims, which nonetheless would have been dismissed on the merits.  *See*, MTD Order.  The Court did not address the parties' remaining arguments as all claims were dismissed.  *Id.* at 9.

On April 24, 2024, Plaintiff filed a SAC that attempted to remedy the deficiencies identified in the MTD Order.  *See*, SAC, Dkt. Entry No. 26.  The SAC removed the recordkeeping, spread of hours, and wage notice and statement claims, leaving only FLSA and NYLL minimum wage and overtime claims as to Plaintiff only.  *See*, SAC ¶¶ 40–55.  Defendants thereafter filed the instant motion to dismiss pursuant to Rule 12(b)(6).  Defs.' Second Mot. to Dismiss ("Mot."), Dkt. Entry No. 27.  Plaintiff opposed.  Pl. Opp'n ("Opp'n"), Dkt. Entry No. 29.  Defendants replied.  Reply, Dkt. Entry No. 33.  For the reasons set forth below, Defendants' motion to dismiss is granted as to the FLSA minimum wage claims, which are dismissed with prejudice, and as to the claims against Defendant Mayer, which are dismissed without prejudice.  Defendants' motion to dismiss is denied as to the FLSA and NYLL overtime claims and the NYLL minimum wage claims.

## BACKGROUND[2]

W&M is a New York corporation headquartered at 305 Division Avenue, Brooklyn, NY 11211, engaged in the commercial passenger bus transportation business.  SAC ¶¶ 2, 28.  Mayer allegedly is the President and CEO of W&M.  *Id.* at ¶ 29.  W&M allegedly employed Plaintiff

---

[1] The FLSA recordkeeping claim was dismissed with prejudice.  MTD Order at 7.  The SAC also apparently removed some of Plaintiff's collective action allegations.  However, class certification is not at issue here since Plaintiff no longer is pursuing a collective action.  *See*, Second Amended Compl. at 1 ("Plaintiff . . . brings this Action on behalf of himself against Defendants.").

[2] The facts set forth below are taken from the SAC and are accepted as true as required at this stage of the case.  The parties' familiarity with the facts and circumstances of this case, which also are detailed in the MTD Order, is assumed.

from August 23, 2020 to July 29, 2022 (the "Relevant Period") to drive and clean school vans. *Id.* at ¶ 31. Plaintiff was paid at a rate of $14.76 per hour and allegedly was not paid overtime despite "working an average of fifty-four (54) hours per week at a flat rate of $14.76 per hour," including "an average of fourteen (14) hours of overtime each week." SAC ¶ 3. Plaintiff alleges he worked consistently for 54 hours per week from "9 A.M until 6 P.M," and without breaks. *Id.* at ¶¶ 32, 36. Based on these allegations, and New York's $15 hourly minimum wage, Plaintiff claims that he is entitled to $10,435.32 in unpaid overtime wages and $969.60 in underpaid regular wages during the Relevant Period, plus interest. *Id.* at ¶¶ 1, 3.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . Pleadings that are no more than conclusions are not entitled to the assumption of truth.") (internal quotation marks and modifications omitted).

Furthermore, the Second Circuit emphasized in a fair labor standards case that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Defendants move to dismiss the SAC for failure to state a claim arguing that it fails to allege adequately that: (1) Plaintiff was not paid the minimum wage for hours worked; (2) he was not paid for overtime hours or "spread of hours"; (3) he was not provided wage notices and wage statements; (4) Defendants W&M and Mayer constituted a "single employer"; (5) Defendants were engaged in "interstate commerce"; (6) Plaintiff and similarly situated employees constitute a class; and (7) Defendants acted willfully.[3] Plaintiff counters that the motion should be denied in its entirety because the SAC alleges sufficient facts for each of his remaining claims.

**I.  Minimum Wage Allegations Under FLSA**

The FLSA requires employers to pay employees a minimum wage, currently set at $7.25 per hour. 29 U.S.C. § 206(a). "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enters. LLC*, 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014). The NYLL currently sets a $15.00 minimum wage. *See*, N.Y. Lab. Law § 652 (McKinney).

Plaintiff alleges that he was paid at a rate of $14.76 per hour, just over twice the federal minimum wage, but $0.24 under the New York minimum wage. *See*, SAC ¶¶ 3, 32, 35, 52. The MTD Order dismissed the FLSA minimum wage claim because Plaintiff failed to provide

---

[3] Several of Defendants' arguments are irrelevant as they address claims that were dismissed in the MTD Order, *i.e.*, recordkeeping allegation under FLSA.

4

sufficient detail regarding his wages or otherwise allege underpayment of the *federal* minimum wage requirements. MTD Order at 4–5. Plaintiff contends that the Court took a "conscripted view of the FLSA" that is "unsupported by the statute itself and . . . rejected by a legion of courts." Opp'n at 15. Plaintiff essentially claims that the FLSA provides a federal cause of action for violations of state minimum wage laws, even if an employee is paid more than the federal minimum wage. *Id.* at 15–17.

In support of his position, Plaintiff points to the FLSA's "Savings Clause," which provides that "[n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter." 29 U.S.C. § 218(a); Opp'n at 16. However, this provision "simply makes clear that the FLSA does not preempt any existing state law that establishes a higher minimum wage or a shorter workweek than the federal statute." *Rosa v. Dhillon*, 2020 WL 7343071, at *3 (E.D.N.Y. Dec. 14, 2020) (quoting *Cosme Nieves v. Deshler*, 786 F.2d 445, 452 (1st Cir. 1986)). It does not incorporate state law as Plaintiff suggests.

Similarly, Plaintiff's reliance on 29 C.F.R. § 778.5 is unavailing. This provision also addresses preemption and, to the extent it incorporates state law, it does so for the "limited purpose" of calculating the "regular rate" for FLSA *overtime* claims. *Id.*; 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee . . . cannot be lower than such applicable minimum" for purposes of an overtime claim); Opp'n at 16 n.1.

Notably, "[t]he fact that the FLSA does not preempt state minimum wage laws does not . . . mean that the FLSA creates a federal cause of action to enforce state minimum wage laws." *Andrade v. A to Z Hardware, Inc.*, 2024 WL 4029576, at *3–4 (E.D.N.Y. Aug. 17, 2024), *report*

5

*and recommendation adopted*, 2024 WL 4028472 (E.D.N.Y. Sept. 3, 2024) (rejecting an argument identical to the one raised by Plaintiff's counsel here, and recommending that "plaintiff not be permitted to renew his FLSA minimum wage claims in the absence of allegations that [he] was paid below the federal minimum wage"); *Dhillon*, 2020 WL 7343071 at *3 ("It's one thing to say that the FLSA does not preempt state law; it's quite another to say that the FLSA incorporates state law."). Importantly, "for non-overtime wages, the FLSA requires only that employers pay the minimum wage rates set by *federal* law." *Gurung v. Malhotra*, 851 F. Supp.2d 583, 592 (S.D.N.Y. 2012) (emphasis in original) (quoting *Pineda-Herrera v. Da-Ar-Da, Inc.*, 2011 WL 2133825, at *5 (E.D.N.Y. May 26, 2011)). However, to the extent that an employee establishes an FLSA violation, she may recover the greater of the federal or state minimum wage. *Saavedra v. Dom Music Box Inc.*, 2024 WL 208303, at *9 (E.D.N.Y. Jan. 19, 2024) ("Plaintiffs who bring claims under both the FLSA and NYLL recover under the statute that provides the greater measure of damages."); *De Jesus v. Sea Crest Diner-Rest.*, 2018 WL 3742778, at *2, 5 (E.D.N.Y. Dec. 6, 2018) (employee who was paid less than the FLSA's $7.25 per hour minimum wage was entitled to receive "the state minimum wage if it exceeds the federal minimum wage").

Moreover, Plaintiff failed to provide any specific information regarding his wages as noted in the MTD Order. MTD Order at 4–5. Plaintiff received weekly payments via Zelle and could have ascertained whether he was paid less than the federal minimum wage in any given week. Instead, the SAC retained the same generalized allegation that Plaintiff earned $14.76 per hour throughout his employment. Accordingly, the FLSA minimum wage claims are dismissed with prejudice as Plaintiff earned more than the federal minimum wage. However, Plaintiff plausibly has alleged that Defendants violated the NYLL's $15 minimum wage requirement.

6

## II.  Overtime Pay Allegations Under FLSA

Under the FLSA, an employee who works in "excess of forty hours" shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which [s]he is employed."  29 U.S.C. § 207(a)(1); *See also*, *Lundy*, 711 F.3d at 113–14.  In *Lundy*, the Second Circuit affirmed the district court's dismissal of FLSA and NYLL claims holding that, to state a plausible overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *Lundy*, 711 F.3d at 114.  In *Nakahata v. New York-Presbyterian Healthcare*, 723 F.3d 192, 201 (2d Cir. 2013), the circuit reinforced its holding in *Lundy*, affirming the district court's dismissal of FLSA overtime claims where plaintiffs "merely alleged that they were not paid for overtime hours worked."

In *Dejesus v. HF Management Services, LLC*, the Second Circuit affirmed the dismissal of an FLSA overtime claim that did no more than "rephras[e] the FLSA's formulation specifically set forth in section 207(a)(1)."  726 F.3d 85, 89 (2d Cir. 2013) (emphasizing that the complaint "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation").  The Second Circuit further found that, "[i]n light of the fact that the relevant portions of [the NYLL] do not diverge from the requirements of the FLSA, our conclusions . . . about the FLSA allegations apply equally to [the NYLL] state law claims."  *Id.* at n.5 (internal quotation marks and citations omitted).  The *Dejesus* court noted the plaintiff did "not estimate her hours in any or all weeks or provide any other factual context or content.  Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute."  *Id.* at 89.  The court also clarified that *Lundy* "was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks;'" rather, the pleading standard "was designed to require

7

plaintiffs to provide some factual context that will 'nudge' their claim from conceivable to plausible.'" *Id.* at 90 (citing *Twombly*, 550 U.S. at 570). To satisfy this standard, plaintiffs are not required to "keep careful records and plead their hours with mathematical precision," but they should provide "complaints with sufficiently developed factual allegations." *Id.*

The Second Circuit recently addressed its overtime pleading doctrine in *Herrera v. Comme des Garcons, Ltd*, 84 F.4th 110 (2d Cir. 2023). There, the plaintiffs alleged that: (1) their "regularly scheduled work hours consisted of five shifts each week, and that each shift lasted between eight and three-quarter hours and nine hours, amounting to between 43.75 hours and 45 hours of work per regular week"; (2) they had "approximately an additional five hours of [post-work duties] per week in excess of forty hours per week." *Id.* at 115–16. The court held that each of these allegations independently were sufficient to state a claim as the plaintiffs had "identified a period of time when they were employed to work more than forty hours per week as part of their regularly scheduled workweek, and . . . also quantified the number of hours they were required to work as part of their regular schedule." *Id.* at 116. It reasoned that the "pleading standard is unmet if all that plaintiffs allege is that at *some* undefined period in their employment they worked more than forty hours in a single week . . . [but] [t]he pleading standard is satisfied . . . if plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work, so that they were eligible for overtime during *every* week in which they worked their regular schedule." *Id.* at 116–17 (emphasis in original).

As discussed in the MTD Order, the Amended Complaint's allegations that Plaintiff "regularly work[ed] fifty-four (54) hours per week" and "worked 2 months out of the year in excess of 40 hours per week" during the Relevant Period were insufficient to state an FLSA overtime claim. MTD Order at 6. The SAC now alleges that Plaintiff's "work schedule was from 9 A.M

8

until 6 P.M [] with no break," and approximates that Plaintiff "work[ed] an average of fifty-four (54) hours per week [during the Relevant Period] at a flat rate of $14.76 per hour." SAC ¶¶ 3, 32, 36 (emphasis added). Plaintiff also alleges that he "consistently work[ed] fifty-four (54) hours per week[,]" which included "an average of 14 hours of overtime *each* week." *Id.* at ¶¶ 3, 32 (emphasis added). The Court interprets these allegations to mean that Plaintiff's work schedule throughout the Relevant Period was 9:00 a.m. to 6:00 p.m., and, thus, Plaintiff worked an average of 54 hours *each and every* week.

The new allegation regarding Plaintiff's regular work schedule meets the Second Circuit's pleading criteria. *Herrera* clearly held that "[w]here the Plaintiffs plausibly allege that they worked more than forty hours per week as part of their regularly scheduled workweek, they have adequately stated a claim under the FLSA and need not list the specific workweeks during which they worked more than forty hours." *Herrera*, 84 F.4th at 112. Here, Plaintiff alleged that his work schedule was from 9:00 a.m. to 6:00 p.m. during the Relevant Period, and he worked an average of 54 hours every week. SAC ¶ 36. While the SAC does not allege the number of shifts per week, the Court can infer from Plaintiff's work schedule and total weekly hours that he worked six shifts per week. As the *Herrera* Court explained, this "allegation itself gets us beyond forty hours in any given [work]week, and therefore to a plausible claim of overtime." *Herrera*, 84 F.4th at 115 (internal quotation marks and citation omitted).

Since *Herrera*, several courts in this circuit have found similar allegations sufficient. *See*, *Montoya v. Havana Cent. NY 2, LLC*, 2024 WL 874640, at *9 (S.D.N.Y. Jan. 8, 2024), *report and recommendation adopted*, 2024 WL 871206 (S.D.N.Y. Feb. 29, 2024) (allegations that "from January 6, 2017 to December 2017, [plaintiff] worked from around 6:00 a.m. to 5:00 p.m. or 6:00 p.m. for a total average of 55 to 60 hours [per week]" stated FLSA and NYLL overtime claims);

9

*Muhammad v. Alto Pharmacy LLC*, 2024 WL 4042479, at *3, 6 (S.D.N.Y. Sept. 4, 2024) ("Based on allegations about Plaintiffs' regular work hours, the Court can infer that Plaintiffs worked between eight and ten hours per day, six days per week, for an average of 48 to 60 hours per week . . . [which] would make them eligible for overtime."); *Aguilar v. Calexico Cinco LLC*, 2024 WL 3837669, at *4 (E.D.N.Y. June 28, 2024) (overtime claim plausibly alleged in light of regular work schedule, work on lunch breaks, and extra work at the end of the day).  Accordingly, the Court finds that Plaintiff plausibly has alleged FLSA and NYLL overtime violations.  As such, Defendants' request that the Court decline to exercise supplemental jurisdiction over the remaining state law claims is denied.

**III.   Parties' Additional Arguments**

Defendants contend the SAC insufficiently pleads the required interstate commerce nexus, W&M and Mayer's alleged status as a "single employer," and Defendants' "willfulness" with respect to the alleged violations.  As discussed below, the Court finds that: (1) Plaintiff plausibly has alleged the interstate commerce nexus; (2) Plaintiff has failed to establish Mayer's employer status; and (3) willfulness is immaterial in the present case.

   **A.   Interstate Commerce Nexus**

Plaintiff plausibly has alleged the interstate commerce nexus at this stage.  An employer is subject to the FLSA, if the plaintiff employee either is: "(1) 'engaged in commerce or in the production of goods for commerce,' (individual coverage)"; or (2) employed in an "enterprise engaged in commerce or in the production of goods for commerce" whose "annual gross volume of sales made or business done is not less than $500,000" (enterprise coverage)." *Gonzalez v. Victoria G's Pizzeria LLC*, 2022 WL 842666, at *2 (E.D.N.Y. Mar. 22, 2022) (Irizarry, J.) (quoting *Lopez v. 1923 Sneaker, Inc.*, 2021 WL 1845057, at *3 (E.D.N.Y. Mar. 5, 2021), *report and*

10

*recommendation adopted*, 2021 WL 1259623 (E.D.N.Y. Apr. 6, 2021)). Defendants' arguments focus on Plaintiff's failure to allege that he *personally* engaged in interstate commerce, which goes to individual coverage. Mot. at 6–7. However, the Court need not address individual coverage, as the enterprise coverage requirement is satisfied.

Enterprise coverage is present where the employer: (1) has employees engaged in commerce or in the production of goods for commerce "or [] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii). The second element is satisfied by Plaintiff's "specific allegation that Defendants have an annual gross revenue in excess of $500,000.00." *Baizan Guerrero v. 79th St. Gourmet & Deli Inc.*, 2019 WL 4889591, at *5 (E.D.N.Y. Sept. 10, 2019) (collecting cases); SAC ¶ 17. Thus, the primary issue is whether Plaintiff plausibly has alleged that W&M "engaged in commerce."

The first element that the enterprise be "engaged in commerce" is "rarely difficult to establish . . . because it is met by showing that two or more employees have 'handl[ed] . . . materials that have been moved in . . . commerce[.]'" *Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 99 n.7 (2d Cir. 2009) (quoting 29 U.S.C. § 203(s)); *Soto v. Miss Laser Inc.*, 2023 WL 319547, at *4 (E.D.N.Y. Jan. 19, 2023) (Enterprise coverage "is not a high hurdle for Plaintiff to clear"). "Even where a plaintiff does not specify what types of goods the employer . . . handled in interstate commerce, courts have found it reasonable to infer enterprise coverage from 'the nature of an employer's business.'" *Soto*, 2023 WL 319547 at *5 (quoting *Cardoza v. Mango King Farmers Mkt. Corp.*, 2015 WL 5561033, at *4 (E.D.N.Y. Sept. 1, 2015), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

11

Indeed, as a commercial transportation business, it is reasonable to assume that W&M employees "handl[ed]" goods that were "moved in or produced for" interstate commerce. The SAC alleges that W&M "relies heavily on products that have been transported across state lines," but does not specify which products. SAC ¶ 17. However, the first element of enterprise coverage is satisfied by Plaintiff's allegations that: (1) Defendants run a commercial bus transportation business; and (2) he drove and cleaned school vans. SAC ¶¶ 13, 19, 31. The inference is inescapable that Defendants' employees did not handle vehicles, fuel, and cleaning supplies originating exclusively within New York State. *See*, *D'Arpa v. Runway Towing Corp.*, 2013 WL 3010810, at *13 (E.D.N.Y. June 18, 2013) (finding that there was an "inescapable" inference that "the tow trucks [employees] drove and the fuel on which the trucks ran originated from out-of-state" as it was "inconceivable that none of the trucks or other materials used by Plaintiffs in their line of work originated outside of New York"); *See also, Vasquez, et al., v. NS Luxury Limousine Serv., Ltd., et al.*, 2021 WL 1226567, at *9 (S.D.N.Y. Mar. 31, 2021) (defendant car service "own[ed] a fleet of cars and hired drivers to drive them. Cars are goods that are produced for and move within interstate commerce."). Accordingly, Plaintiff adequately has pled the interstate commerce nexus at this stage.

B. **Employer Status**

Under the FLSA, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). "The NYLL defines 'employer' as 'any person . . . employing any individual in any occupation, industry, trade, business or service' or 'any individual . . . acting as employer.'" *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013) (quoting NYLL §§ 190(3), 651(6)). Courts in this circuit interpret the definition of 'employer' under the NYLL coextensively with the definition used by the FLSA.

12

*See*, *Sethi v. Narod*, 974 F. Supp.2d 162, 188 (E.D.N.Y. 2013) (collecting cases). The Second Circuit has held that the remedial nature of the FLSA warrants an expansive interpretation of its provisions. *See, e.g.*, *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 113 (2d Cir. 2015). Thus, the term "employer" is construed liberally to apply broadly and determined on a case by case basis. *Greenawalt v. AT & T Mobility LLC*, 642 F. App'x 36, 37 (2d Cir. 2016).

Defendants do not dispute that W&M was Plaintiff's employer. In an attempt to qualify Mayer as an employer, Plaintiff asserts that W&M and Mayer constituted a "single employer." SAC ¶ 25; Opp'n at 29. However, the "single employer" theory is irrelevant here as it is used to hold a corporate entity responsible for the conduct of another entity that technically employed the plaintiff. *Griffin v. Sirva Inc.*, 835 F.3d 283, 292 (2d Cir. 2016). The proper inquiry is whether Mayer was Plaintiff's employer such that he is jointly and severally liable with W&M.

To determine whether an individual or entity qualifies as an employer, courts examine the "economic reality" of their relationship with employees. *Irizarry*, 722 F.3d at 104 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)) (explaining that this test applies equally to managers and owners). "[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted). Courts consider a nonexhaustive list of factors to determine whether the requisite control exists, including the putative employer's ability to: (1) hire and fire employees; (2) supervise and control employee work schedules or conditions of employment; (3) determine the rate and method of compensation; and (4) maintain employee records. *Carter v. Dutchess Community College*, 735 F.2d 8, 37 (2d Cir. 1984), *holding modified by*, *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71, 78–79 (2d Cir. 2003).

Plaintiff alleges in wholly conclusory fashion that Mayer "had the authority and power to

hire and fire Plaintiff, control the terms and conditions of his employment, including work assignments and hours, and to determine the rate and method of any compensation in exchange for Plaintiffs' services . . . [and] supervised Plaintiff's work schedule and conditions of his employment." SAC ¶ 26. However, "[t]hese conclusory allegations track nearly verbatim with the factors set forth in *Carter*'s formal economic reality test." *Aguilar v. Calexico Cinco LLC*, 2024 WL 3837669, at *7 (E.D.N.Y. June 28, 2024). Plaintiff does not allege any specific facts regarding Mayer's conduct, responsibilities, or authority, and "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice" to state a plausible claim for relief. *Id.* (internal citation and quotation marks omitted). Accordingly, the claims against Mayer hereby are dismissed without prejudice.

### C. Willfulness

The FLSA statute of limitations is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "The statute of limitations starts to run when the employee begins to work for the employer." *Rodriguez v. Queens Convenience Deli Corp.*, 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011). The NYLL's statute of limitations is six years. NYLL §§ 198(3), 663(3).

As Plaintiff observes, willfulness is immaterial here as the claims are covered by the FLSA and NYLL's standard limitations period. Opp'n at 20. Plaintiff was employed from August 23, 2020 to July 29, 2022, and this case was filed on August 25, 2022. *See*, Compl.; *See also*, SAC ¶ 3. The entire Relevant Period is covered by the FLSA's standard two-year limitations period except for August 23–24, 2020, which is covered by the NYLL's six-year statute of limitations.

### IV. Leave to Amend

Courts *sua sponte* may grant leave to amend. *Straker v. Metro. Transit Auth.*, 333 F. Supp.2d 91, 102 (E.D.N.Y. 2004). "The Court's discretion is broad and its exercise depends upon many factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Id.* (quotations omitted). This is consistent with the Second Circuit's strong preference for resolving disputes on the merits. *See*, *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011).

Plaintiff is granted leave to amend regarding his claims against Defendant Mayer. Any amendment may address Mayer's employer status *only* and not those claims dismissed with prejudice. Further leave shall not be granted absent truly exceptional circumstances.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Second Amended Complaint is granted with prejudice as to the FLSA minimum wage claim, and denied as to the FLSA and NYLL overtime claims and the NYLL minimum wage claim. Defendants' motion is granted as to the claims against Defendant Mayer, which are dismissed in their entirety without prejudice, and Plaintiff is granted leave to amend the complaint as to the Mayer claims only. To the extent Plaintiff intends to pursue his claims against Defendant Mayer, he shall file a Third Amended Complaint BY NO LATER than April 24, 2025, consistent with this Memorandum and Order. SO ORDERED.

Dated: Brooklyn, New York
      March 25, 2025

                                        /s/
                                DORA L. IRIZARRY
                          United States District Judge